IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DIANNE GREEN
*on behalf of*
DAVID MILLER                                                                                            PLAINTIFF

vs.                                        Civil No. 1:13-cv-01065

CAROLYN COLVIN                                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Dianne Green *on behalf of* David Miller ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed an application for DIB on September 6, 2011. (Tr. 11, 118-121).[1] Plaintiff alleged he was disabled due to diabetes, high blood pressure, heat stroke, and high cholesterol. (Tr. 146). Plaintiff alleged an onset date of January 14, 2011. (Tr. 146). This application was denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration. (Tr. 11).

On May 9, 2012, Plaintiff requested an administrative hearing on his application. (Tr. 61). This hearing request was granted, and a hearing was held on November 19, 2012 in Little Rock, Arkansas. (Tr. 28-48). At this hearing, Plaintiff was present and represented by counsel, Denver Thornton. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had a ninth grade education. (Tr. 31).

On February 13, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-21). In this decision, the ALJ determined Plaintiff met the insured status of the Act through December 31, 2015. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 14, 2011. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairments of syncope, adjustment disorder with mixed emotional features, and borderline intelligence. (Tr. 13, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ indicated he evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-19). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 19). Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC for light work except he cannot climb ladders/ropes/scaffolds; cannot be exposed to hazards or drive an

automobile; the work must consist of work tasks where interpersonal contact is incidental to the work performed; the work can be performed by 1-2 step tasks that are learned and performed by rote with few variables and little judgment; the work supervision must be simple, direct, and concrete; and limited to SVP 1-2 jobs that can be learned within 30 days. (Tr. 16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The ALJ found Plaintiff had PRW as a construction worker and spot welder. *Id.* The ALJ determined Plaintiff was unable to perform his PRW. *Id.* The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 44-48). Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as a planer or polisher working with small parts with 1,900 such jobs in Arkansas and 210,000 such jobs in the nation, assembly machine tender with 2,500 such jobs in Arkansas and 375,000 such jobs in the nation, and as a small part packer with 4,500 such jobs in Arkansas and 550,000 such jobs in the nation. (Tr. 21). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision. (Tr. 21, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). *See* 20 C.F.R. § 404.968. On July 5, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On August 23, 2013, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 9, 10. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006);

*Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff filed the present appeal claiming the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9. Specifically, in his appeal brief, Plaintiff claims the ALJ erred: (1) in his credibility analysis, (2) in consideration of his impairments in combination, and (3) in the Step 5 analysis. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10.

**A. Credibility Determination**

Plaintiff claims the ALJ erred in evaluating his subjective complaints. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's

subjective complaints. In his opinion, the ALJ addressed the factors from 20 C.F.R. § 404.1529, 20 C.F.R. § 416.929 and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 16-19). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) History of non-compliance with medical advice, (3) Plaintiff only received conservative medical treatment, (4) No physician placed any limits on Plaintiff's activities, and (5) Plaintiff's daily activities do not support a claim of being disabled. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### B. The ALJ's Consideration of Impairments in Combination

Plaintiff claims the ALJ erred when he failed to consider Plaintiff's impairments in combination. The ALJ found Plaintiff had severe impairments of syncope, adjustment disorder with mixed emotional features, and borderline intelligence. (Tr. 13, Finding 3). Defendant argues the ALJ found the Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 14, Finding 4). The Defendant asserts this finding shows the ALJ sufficiently considered the combined effect of his impairments.

Under the facts in the present case, this Court finds the ALJ properly considered Plaintiff's impairments in combination. *See Browning v. Sullivan,* 958 F.2d 817, 821 (8th Cir. 1992). The Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. In the present action, in reviewing Plaintiff's claimed impairments, the ALJ found Plaintiff did not have an impairment or combination of impairments, that met or medically equaled

one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14, Finding 4). The ALJ also found, "after consideration of the entire record," the Plaintiff had the RFC to perform a limited range of light work. (Tr. 16, Finding 4). The ALJ went on to state Plaintiff's RFC would not preclude him from performing other work that exists in significant numbers in the national economy. (Tr. 20, Finding 10).

These statements are sufficient in the Eighth Circuit to establish that the ALJ properly considered the combined effect of a plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered Plaintiff's impairments in combination.

### C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d

766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform light work. (Tr. 16, Finding 5). The ALJ also found Plaintiff cannot climb ladders/ropes/scaffolds; cannot be exposed to hazards or drive an automobile; the work must consist of work tasks where interpersonal contact is incidental to the work performed; the work can be performed by 1-2 step tasks that are learned and performed by rote with few variables and little judgment; the work supervision must be simple, direct, and concrete; and limited to SVP 1-2 jobs that can be learned within 30 days. *Id.*

In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 45-47). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 20-21, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 21).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815

(8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record. This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 4th day of April, 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE